Jeffrey Nussbaum, Esq. (SBN: 123781)
    jnussbaum@linerlaw.com
Kim Zeldin, Esq. (SBN: 135780)
    kzeldin@linerlaw.com
LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
199 Fremont Street, 20th Floor
San Francisco, CA 94105-2255
Telephone:  (415) 489-7700
Facsimile:  (415) 489-7701

Attorneys for Defendants
VERITAS HIGH YIELD ARBITRAGE FUND
(BERMUDA) LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SVC-NAPA, L.P., a California limited partnership,<br><br>       Plaintiff,<br><br>    v.<br><br>STRATEGY RESORT FINANCING, INC., a Florida corporation; STRATEGY INVESTMENTS, LLC, a Florida limited liability company; VERITAS HIGH YIELD ARBITRAGE FUND I LLC, a Delaware limited liability company; VERITAS HIGH YIELD ARBITRAGE FUND (BERMUDA) LTD, a Bermudan corporation; VERITAS HIGH YIELD ARBITRAGE FUND II LLC, a Delaware limited liability company; and GVEC RESOURCE, INC., an international business company organized under the laws of the British Virgin Islands,<br><br>       Defendants. | Case No. C 06 3561 SI<br><br>**DEFENDANT VERITAS HIGH YIELD ARBITRAGE FUND (BERMUDA) LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS OR, ALTERNATIVELY, TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>**[Fed.R.Civ.P. 4(h), 12(b)(5)]**<br><br>Date:  August 11, 2006<br>Time:  9:00 a.m.<br>Courtroom: 10, 19th Floor<br>Judge:  The Honorable Susan Illston |

1

**NOTICE OF MOTION AND MOTION**

2  **TO PLAINTIFF SVC-NAPA, L.P. ("Plaintiff") AND ITS ATTORNEYS OF**

3  **RECORD:**

4      **PLEASE TAKE NOTICE** that on August 11, 2006, at 9:00 a.m., or as soon thereafter as

5  counsel may be heard in Courtroom 10 of the United States District Court for the Northern District

6  of California, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, Defendant Veritas

7  High Yield Arbitrage Fund (Bermuda) Ltd. ("Defendant") will bring on for hearing this motion to

8  dismiss Defendant from the above-entitled action or, alternatively, to quash service of summons on

9  the grounds of insufficiency of service of process under Federal Rule of Civil Procedure, Rule

10  12(b)(5).

11      By this motion, Defendant seeks an order dismissing Defendant from Plaintiff's Complaint

12  filed on June 2, 2006.  Alternatively, Defendant seeks an order quashing the purported service of

13  summons on June 7 and June 9, 2006.  As of the date of the filing of this motion, no return service

14  of summons has been filed with the court.  Defendant's motion is based on the Summons and

15  Complaint on file in this action, the Declaration of Andrew D. Stone and its attachments, the

16  Declaration of James P. Kastberg and its attachments, this notice of motion and motion, and the

17  accompanying memorandum of points and authorities.  A proposed form of order is also submitted

18  and served herewith.

19

**MEMORANDUM OF POINTS AND AUTHORITIES**

20  **I.      STATEMENT OF ISSUES TO BE DECIDED**

21      Defendant Veritas High Yield Arbitrage Fund (Bermuda) Ltd. ("Defendant") moves the

22  court for an order dismissing Defendant from the above-entitled action or, in lieu of, quashing the

23  purported service of summons on June 7 and 9, 2006, on the grounds that Defendant has not been

24  properly served with process in this action.  As of the date of the filing of this motion, no return

25  service of summons has been filed with the court.  Service was improper in that the persons who

26  received service were not officers, managing agents, or general agents of Defendant as required by

27  Federal Rule of Civil Procedure, Rule 4(h)(1).  Moreover, Defendant was not served by any means

28  for accomplishing service under Rule 4.

## II.   STATEMENT OF RELEVANT FACTS

Plaintiff purported to serve Defendant with, *inter alia*, the Summons and Complaint in this matter on June 7, 2006, by certified mail to Andrew D. Stone at 500 West Putnam Avenue, Greenwich, Connecticut 06830.  Declaration of Andrew D. Stone ("Stone Decl."), ¶¶ 1, 5 and Exhibit A.  Plaintiff again purported to serve Defendant on June 9, 2006, by certified mail to James P. Kastberg at 500 West Putnam Avenue, Greenwich, Connecticut 06830.  Declaration of James P. Kastberg ("Kastberg Decl."), ¶¶ 1, 5 and Exhibit B.

Neither Andrew D. Stone nor James P. Kastberg is an officer, managing or general agent, or agent authorized by appointment or by law to receive service of process on behalf of Defendant. Stone Decl., ¶ 2; Kastberg Decl., ¶ 2.  Neither Andrew D. Stone nor James P. Kastberg is the president or other head of Defendant, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the Defendant to receive service of process.  Stone Decl., ¶ 3; Kastberg Decl., ¶ 3.  Neither Andrew D. Stone nor James P. Kastberg has any position or role with Defendant.  Stone Decl., ¶ 4; Kastberg Decl., ¶ 4.

Defendant Veritas High Yield Arbitrage Fund (Bermuda) Ltd. is a Cayman Islands exempted company that was incorporated under the laws of Bermuda on November 25, 2002, and transferred by way of continuation to the Cayman Islands on August 16, 2005.  Stone Decl., ¶ 6; Kastberg Decl., ¶ 6.

## III.   LEGAL ARGUMENT

Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4 of the Federal Rules of Civil Procedure.  *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  Rule 4 provides that domestic and foreign corporations, partnerships, and other unincorporated associations that are subject to suit under a common name may be served pursuant to the law of the state in which the district court is located, the law of the state in which service is effected, or by any internationally agreed means reasonably calculated to give notice.  *See* Fed.R.Civ.P. 4(e)(1), (f), (h)(1).

Specifically Federal Rule of Civil Procedure, Rule 4(h) provides:

**Service Upon Corporations and Associations.** Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

    (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, or

    (2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(C)(i) thereof.

Rule 4(e)(1) provides that service may be made pursuant to the law of the state in which the district court is located or of the state in which service is effected. Fed.R.Civ.P. 4(e)(1). Rule 4(f) provides that service may be made by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or by other means not prohibited by international agreement as may be directed by the court. Fed.R.Civ.P. 4(e)(1).

Accordingly here, Rule 4 provides that service of process may be properly effectuated pursuant to (1) Federal Rule of Civil Procedure 4(h)(1); (2) California Code of Civil Procedure §§ 415.40 and 416.40; or (3) Article 10 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (The Hague Convention).[1]  As discussed below, service was not properly effectuated under any of the methods allowed by Rule 4.

---

[1] Both Bermuda and the Cayman Islands are signatories to The Hague Convention. On February 24, 1965, the United Kingdom extended the Convention to the Bermuda which entered into force April 25, 1965. On February 24, 1965, the United Kingdom extended the Convention to the Cayman Islands which entered into force April 25, 1965.

NOTICE OF MOTION AND MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS OR, ALTERNATIVELY, TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES
0033527/001/ 27997v02

**A.    Service Of Process Was Improper Under Rule 4(h)(1)**

Under Rule 4(h)(1), a business entity (domestic or foreign corporation or partnership or association subject to suit under a common name) may be served by delivering a copy of the summons and complaint to: (1) an officer; (2) a managing or general agent; or (3) any other agent authorized by appointment or by law to receive service of process.  *See* Fed.R.Civ.P. 4(h)(1).

"[W]ithout substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'"  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs.*, 840 F.2d 685, 688 (9th Cir. 1988) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).  In *Direct Mail*, the Ninth Circuit found that "service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process" and that "the determination of whether a given individual is a managing or general agent depends on a factual analysis of that person's authority within the organization." *Direct Mail*, 840 F.2d at 688 (citations omitted).

In *Direct Mail*, the court found that service upon a receptionist was sufficient to permit a default judgment to be entered and taken on the defendant where the facts showed: (1) the receptionist was the only person at the defendant's office; (2) no one at the defendant's office had more authority to handle the business of defendant than the receptionist; (3) the next day the process server mailed copies of the complaint and summons to the address of the defendant; and (4) the day after the summons and complaint were delivered to the receptionist, the president of the defendant corporation spoke to the vice president of the plaintiff corporation and acknowledged being served the day before.  *Direct Mail*, 840 F.2d at 687.

The facts of *Direct Mail* are inapposite.  Plaintiff first served Andrew D. Stone via certified mail on June 7, 2006.  Plaintiff subsequently served James P. Kastberg via certified mail on June 9, 2006.  Plaintiff did not substantially comply with Rule 4(h)(1) by these attempts.  Rather, Plaintiff attempted service on two individuals with absolutely no position or role with Defendant.  The uncontroverted facts demonstrate that neither Andrew D. Stone nor James P. Kastberg is an officer, managing or general agent, or agent authorized by appointment or by law to receive service of process on behalf of Defendant.  Stone Decl., ¶ 2; Kastberg Decl., ¶ 2.  In fact, neither Andrew D.

1   Stone nor James P. Kastberg is employed by or has any position or role with Defendant.  Stone

2   Decl., ¶ 4; Kastberg Decl., ¶ 4.

3        "Where undisputed evidence shows that the person upon whom process was served is not

4   the agent of the defendant and is not authorized to receive service of process issued against such

5   defendant, the motion to quash service and to dismiss the defendant from the action should be

6   granted." *Sunbeam Corp. v. Payless Drug Stores*, 113 F. Supp. 31, 46 (N.D. Cal. 1953).  Although

7   generally the provisions of Federal Rule 4 are liberally construed in the interest of doing substantial

8   justice, the goal of liberal construction "cannot be utilized as a substitute for the plain legal

9   requirement as to the manner in which service of process may be had."  *United States v.*

10  *Mollenhauer Labs., Inc.* 267 F.2d 260, 262 (7th Cir. 1959) (citing *Thomas v. Furness (Pacific) Ltd.*,

11  171 F.2d 434, 435 (9th Cir. 1948)).

12       Here, Plaintiff did not comply, or substantially comply, with the plain legal requirements of

13  Rule 4(h)(1).  Accordingly, Defendant's motion to dismiss the Defendant from the action or,

14  alternatively, to quash the purported service of summon should be granted.

15  **B.    Service Of Process Was Improper Under Rule 4(e)(1)**

16       Rule 4(e)(1) provides that service may be made pursuant to the law of the state in which the

17  district court is located or of the state in which service is effected.  Fed.R.Civ.P. 4(e)(1).  Here,

18  California Code of Civil Procedure § 415.40 provides, in part, that a summons may be served on a

19  person outside this state "by sending a copy of the summons and of the complaint to the person to

20  be served by first-class mail, postage prepaid, requiring a return receipt."  Cal. Civ. Proc. Code

21  § 415.40.

22       California Code of Civil Procedure § 416.40 specifies who may be served on behalf of an

23  unincorporated association (including a partnership).  Specifically, section 416.40 provides that a

24  summons may be served on behalf of an unincorporated association (including a partnership) by

25  delivering a copy of the summons and of the complaint to "the person designated as agent for

26  service of process in a statement filed with the Secretary of State or to the president or other head

27  of the association, a vice president, a secretary or assistant secretary, a treasurer or assistant

28

0033527/001/ 27997v02

1  treasurer, a general manager, or a person authorized by the association to receive service of

2  process."  Cal. Civ. Proc. Code § 416.40.

3      As a Cayman Islands exempted company incorporated under the laws of Bermuda on

4  November 25, 2002, and transferred by way of continuation to the Cayman Islands on August 16,

5  2005, Defendant Veritas High Yield Arbitrage Fund (Bermuda) Ltd. does not have a designated

6  agent for service of process on file with the Secretary of State of California.  Moreover, neither

7  Andrew D. Stone nor James P. Kastberg is the president or other head of Defendant, a vice

8  president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or

9  a person authorized by the Defendant to receive service of process.  Stone Decl., ¶ 3; Kastberg

10 Decl., ¶ 3.  As such, Plaintiff's attempted service by certified mail to Andrew D. Stone and James

11 P. Kastberg does not satisfy California's procedural requirements.

12     As such, Defendant's motion to dismiss or, alternatively, to quash the purported service of

13 summons should be granted for the additional reason that Plaintiff has not properly effected service

14 under California law and, thus, Rule 4(e)(1).

15 **C.    Service Was Not Effectuated Under Rule 4(f)**

16     Federal Rule of Civil Procedure 4(f)(1) affirmatively authorizes service pursuant to The

17 Hague Convention or by other means not prohibited by international agreement as may be directed

18 by the court.  Fed.R.Civ.P. 4(f)(1), (3).

19     The Hague Convention, ratified by the United States in 1965, regularized and liberalized

20 service of process in international civil suits.  *See Brockmeyer v. May*, 383 F.3d at 801.  The Hague

21 Convention "aims to ensure that there will be adequate notice in cases in which there is occasion to

22 serve process abroad.  Thus compliance with the Convention is mandatory in all cases to which it

23 applies…."  *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).  Both

24 Bermuda and the Cayman Islands are signatories to The Hague Convention.

25     Article 10 of The Hague Convention provides that:

26     "Provided the State of destination does not object, the present
       Convention shall not interfere with--
27         (a) the freedom to send judicial documents, by postal channels,
       directly to persons abroad,

28

(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents <u>directly through the judicial officers, officials or other competent persons of the State of destination,</u>
(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents <u>directly through the judicial officers, officials or other competent persons of the State of destination.</u>"

Plaintiff's attempted service on Defendant by certified mail to Andrew D. Stone and James P. Kastberg in Greenwich, Connecticut does not comply with the Hague Convention or any other internationally agreed means for accomplishing service under Rule 4(f).

**IV.   CONCLUSION**

For all of the reasons set forth herein, this Court should dismiss Defendant from this action, or enter an order quashing the service of summons on Defendant because neither Andrew D. Stone nor James P. Kastberg were authorized to accept service on its behalf.  Accordingly, service was not properly effectuated under Rule 4 of the Federal Rules of Civil Procedure.

Dated:  July 7, 2006                                   LINER YANKELEVITZ
                                                       SUNSHINE & REGENSTREIF LLP


                                                       By:   /s/_____
                                                             Jeffrey Nussbaum
                                                             Kim Zeldin
                                                             Attorneys for Defendants
                                                             Veritas High Yield Arbitrage Fund
                                                             (Bermuda) Ltd.

NOTICE OF MOTION AND MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS OR, ALTERNATIVELY, TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES
0033527/001/ 27997v02