United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SVC-NAPA, L.P., a California limited partnership,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STRATEGY RESORT FINANCING, INC., et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. C 06-03561 SI<br><br>**ORDER GRANTING DEFENDANT VERITAS HIGH YIELD ARBITRAGE FUND (BERMUDA) LTD.'S MOTION TO QUASH SERVICE OF SUMMONS** |

Defendant Veritas High Yield Arbitrage Fund (Bermuda) Ltd., has filed a motion to dismiss for insufficiency of service of process, or alternatively to quash service of summons. The motion is currently scheduled for a hearing on August 18, 2006. Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for resolution without oral argument, and accordingly VACATES the August 18, 2006 hearing. For the reasons set forth below, the Court GRANTS defendant's motion to quash service of summons.

**BACKGROUND**

Plaintiff SVC-Napa, L.P., is a California limited partnership and developer of a "timeshare vacation ownership property" presently being developed in the City of Napa, California. Complaint ¶¶ 2, 14. SVC-Napa has sued a number of defendants, including defendants Veritas High Yield Arbitrage Fund I, LLC, a Delaware limited liability company ("Veritas I"); Veritas High Yield Arbitrage Fund II, LLC, a Delaware limited liability company ("Veritas II");. and Veritas High Yield Arbitrage Fund

(Bermuda), Ltd. ("Veritas (Bermuda)"). Veritas (Bermuda) is a foreign corporation.[1]

Plaintiff has twice attempted to serve Veritas (Bermuda). First, on June 7, 2006, plaintiff served the summons and complaint by certified mail to Andrew D. Stone at 500 West Putnam Avenue, Greenwich, Connecticut 06830. Second, on June 9, 2006, plaintiff served the summons and complaint by certified mail to James P. Kastberg at 500 West Putnam Avenue, Greenwich, Connecticut 06830. *See* Stone Decl. ¶¶ 1, 5 & Ex. A; Kastberg Decl. ¶¶ 1, 5 & Ex. B.

Defendant Veritas (Bermuda) has filed a motion to dismiss for insufficiency of service of process, or alternatively to quash service of summons, on the ground that neither Mr. Stone nor Mr. Kastberg is authorized to receive service of process on behalf of Veritas (Bermuda).

**LEGAL STANDARD**

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal resulting from insufficiency of service of process. Fed. R. Civ. P. 12(b)(5). When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th. Cir. 2004).

Rule 4 provides three alternatives for service of foreign corporations, partnerships, and other unincorporated associations. Service is effective pursuant to (1) the law of the state where the district court is located or of the state where service is effected, *see* Fed. R. Civ. P. 4(e)(1); (2) by delivering a copy of the summons and complaint in a judicial district of the United States to "an officer, a managing or general agent, or to any other agent authorized by appointment or by the law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1); or (3) an internationally agreed method for effective service such as the Hague Convention. *See id.* at 4(f)(1).

If the plaintiff is unable to satisfy its burden of demonstrating effective service, the Court has broad discretion to either dismiss or retain the action. When retaining the action, the Court quashes the

---

[1] The complaint states that Veritas (Bermuda) "is a Bermudan corporation with its principal place of business in the city of Hamilton, in the country of Bermuda." Complaint ¶ 6. Defendant has submitted declarations stating that Veritas (Bermuda) "is a Cayman Islands exempted company that was incorporated under the laws of Bermuda on November 25, 2002, and transferred by way of continuation to the Cayman Islands on August 16, 2005." Stone Decl. ¶ 6; Kastberg Decl. ¶ 6.

service that has ineffectively been made on the defendant, while providing the plaintiff the opportunity to serve the defendant again effectively. *See Stevens v. Security Pacific Nat'l Bank*, 538 F.2d 1387, 1389 (9th. Cir. 1976).

**DISCUSSION**

Plaintiff contends that service on Messrs. Stone and Kastberg was effective under Rule 4(h)(1) and 4(e)(1) because they had "actual or ostensible authority" to receive service of process on behalf of Veritas (Bermuda).[2] Generally, these provisions state that business entities may be served by delivering a copy of the summons and complaint to an officer, a managing or general agent, or an individual authorized by appointment or by law to receive service of process. *See* Fed. R. Civ. P. 4(h)(1); Fed. R. Civ. 4(e)(1); Cal. Code Civ. Proc. § 416.40.

Defendant has submitted declarations from Messrs. Stone and Kastberg establishing that neither possessed *actual* authority to accept service of process: neither Stone nor Kastberg holds any position or role with Veritas (Bermuda), and neither individual has been authorized or designated by Veritas (Bermuda) to accept service of process on its behalf. *See* Stone Decl ¶¶ 2-4; Supp. Stone Decl. ¶¶ 2-3; Kastberg Decl. ¶¶ 2-4; Supp. Kastberg Decl. ¶¶ 4-5. Plaintiff has not submitted any evidence to the contrary. Accordingly, the Court concludes that neither Mr. Stone nor Mr. Kastberg had actual authority to accept service of process of behalf of defendant.

With respect to *ostensible* authority, plaintiff relies on two documents to argue that Veritas (Bermuda) "caused it to appear" that Messrs. Stone and Kastberg had authority to accept service of process. The first document is an "Assignment of Deed of Trust" which was recorded in the official records of the County of Napa on September 23, 2005. *See* Complaint Ex.. D. That document lists, under "Name and Address of Assignee:"

    Veritas High Yield Arbitrage Fund I LLC
    Veritas High Yield Arbitrage Fund (Bermuda) Ltd.
    Veritas High Yield Arbitrage Fund II LLC
    500 West Putnam Avenue, Greenwich, CT 06830

---

[2] Plaintiff asserts that it was not required to comply with the Hague Convention or any other internationally agreed means for accomplishing service under Rule 4(f) because Veritas (Bermuda) maintains an office in the United States. This contention is addressed *infra*.

3

*Id.* The document also states, under "Prepared by and after Recording Return to:"

| | |
|---|---|
| Name: | Andrew Stone, Esq. |
| Firm/Company: | Veritas High Yield Arb. |
| Address: | 500 West Putnam Avenue |
| Address 2: | |
| City/State/Zip: | Greenwich, CT 06830-6086 |
| Phone: | 203-618-3300 |

*Id.* Plaintiff argues that through the Assignment, Veritas (Bermuda) "caused it to appear that Mr. Stone had ostensible authority to accept documents concerning the Assignment on behalf of Veritas (Bermuda), including, SVC-Napa submits, service of process." Opposition at 5-6.

The second document plaintiff relies on is a "Confidentiality Agreement" executed by Veritas (Bermuda), Veritas I and Veritas II in connection with discussions concerning potential financing and business transactions with, among others, Shell Vacations LLC, which is the limited partner in plaintiff SVC-Napa, L.P. *See* Glickstein Decl. ¶ 6 & Ex. 2. James P. Kastberg, "Portfolio Manager," executed the agreement on behalf of the three Veritas entities. *Id.* at Ex. 2.[3] Plaintiff contends that through the Confidentiality Agreement, Veritas (Bermuda) "caused it to appear that Mr. Kastberg, as 'Portfolio Manager,' was the equivalent of a 'general manager,' and, thus, a person authorized to receive service of process on behalf of Veritas (Bermuda)." Opposition at 6.

The Court finds that plaintiff's arguments lack merit. The fact that the Assignment identifies Mr. Stone as the person authorized the receive the Assignment once it was recorded is of no consequence whatsoever for purposes of service of process on Veritas (Bermuda). The Assignment did not identify Mr. Stone as an officer or employee of Veritas (Bermuda). Similarly, the Confidentiality Agreement simply identifies Mr. Kastberg as a "Portfolio Manager," and does not state that he is an employee or officer of Veritas (Bermuda). Contrary to plaintiff's assertions, it is not reasonable to assume that a "Portfolio Manager" is the equivalent of a "General Manager" for defendant.[4]

The cases relied on by plaintiff are unavailing. In *Pasadena Medi-Center Associates v. Superior*

---

[3] The signature line for each Veritas Fund was signed "James P. Kastberg by Brad LoGatto." *Id.*

[4] Mr. Kastberg's supplemental declaration states that he is employed by Argent European Management Company LLC ("AEMC"), a Delaware limited liability company having a principal office at 500 West Putnam Avenue, Greenwich, Connecticut 06830. AEMC is the portfolio manager for Veritas (Bermuda). Kastberg Supp. Decl. ¶¶ 2-3.

4

1  *Court of Los Angeles County*, 9 Cal.3d 773 (1973), the court held that a corporation conferred ostensible
2  authority to accept service of process on an individual erroneously listed as secretary-treasurer in a stock
3  permit application on file with the Commissioner of Corporations. Here, in contrast, neither Mr. Stone
4  nor Mr. Kastberg was identified as holding an office that would authorize either of them to accept
5  service of process for Veritas (Bermuda).

6  Plaintiff's reliance on *Warner Brothers Records, Inc. v. Golden West Music Sales*, 36 Cal. App.
7  3d 1012 (1974), is even more puzzling. In *Warner Brothers*, the plaintiffs attempted to serve corporate
8  defendants by handing copies of the summons and complaint to an attorney who allegedly was the
9  corporation's "agent." The corporations successfully moved to quash service on the ground that the
10 attorney was not authorized to accept service under Code of Civil Procedure § 416, and the appellate
11 court affirmed. *Id.* at 1016. Here, just as in *Warner Brothers*, the individuals served by plaintiff –
12 Messrs. Stone and Kastberg – are not authorized to accept service under § 416. *See generally* Stone and
13 Kastberg Declarations.

14 In sum, plaintiff has failed to meet its burden to establish that service on Veritas (Bermuda) was
15 effective. If plaintiff wishes to pursue this action against this defendant, plaintiff must effect service
16 in a manner consistent with Rule 4.[5]

### CONCLUSION

20 For the foregoing reasons, the Court hereby GRANTS defendant Veritas High Yield Arbitrage
21 Fund (Bermuda) Ltd.'s motion to quash service of summons. (Docket No. 10). Plaintiff must file proof
22 of service of summons and complaint on Veritas (Bermuda) no later than **September 8, 2006**.

---

[5] Plaintiff acknowledges that both Bermuda and the Cayman Islands are signatories under the Hague Convention. However, plaintiff asserts – without any evidence – that Veritas (Bermuda) operates an office in the United States, and thus it need not effect service under the method prescribed by the Hague Convention. Defendant has submitted uncontroverted declarations stating that Veritas (Bermuda) is not located in the United States and does not maintain an office in this country. In light of the Stone and Kastberg declarations, plaintiff would be well advised to effect service in compliance with the Hague Convention or some other internationally agreed means for accomplishing service under Rule 4(f).

5

**IT IS SO ORDERED.**

Dated: August 15, 2006

SUSAN ILLSTON
United States District Judge